**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4192**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CLIFFORD SIMMS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (CR-05-00001)

———————

Submitted:  February 24, 2005          Decided:  April 22, 2005

———————

Before WILKINS, Chief Judge, and LUTTIG and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Paul Graham Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Thomas Jack Bondurant, Jr., Assistant United States Attorney, Morgan Eugene Scott, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Clifford Simms appeals a decision of the district court ordering him detained pending trial. We have jurisdiction to review the district court order pursuant to 28 U.S.C.A. § 1291 (West 1993). See 18 U.S.C.A. § 3145(c) (West 2000). Finding that the record supports detention pending trial, we affirm.

Under normal circumstances, we review a district court detention order for clear error. See United States v. Clark, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). Here, however, the form used by the district court in reporting its reasons for ordering detention recited an incorrect legal standard. The Bail Reform Act requires that "clear and convincing evidence" support the district court conclusion that no conditions other than detention will reasonably assure the safety of any other person and the community. 18 U.S.C.A. § 3142(f)(2) (West 2000). But the form used by the district court here indicated that its findings were based only on the preponderance of the evidence. Accordingly, we do not afford the usual deference to the district court conclusion that releasing Simms would pose a threat to the community. See Consolidation Coal Co. v. Local 1643, 48 F.3d 125, 128 (4th Cir. 1995) ("[T]he clearly erroneous rule does not protect findings made on the basis of the application of incorrect legal standards." (internal quotation marks omitted)).

Nevertheless, based on the factors set forth in 18 U.S.C.A. § 3142(g) (West 2000) and our own review of the facts as found by the district court, we conclude that the detention order should be affirmed.  The district court found that Simms has a substantial criminal history that includes convictions for violent crimes and a track record of retaliating against those who have reported him to authorities.  See 18 U.S.C.A. § 3142(g)(3)(A).  Simms also conceded that the weight of the Government's evidence against him in the instant case is considerable.  See id. § 3142(g)(2).  However, we instruct the district court to correct the error in the form it uses to report its findings in future cases.

AFFIRMED